UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

In re:

Darcy Denise Tabis,

        Debtor.

Bankruptcy No. 22-40358

Chapter 7

---

Darcy Denise Tabis,

        Plaintiff,

v.

United States Department of Education,

        Defendant.

Adversary No. 23-04082

## STIPULATION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

The parties, Debtor/Plaintiff Darcy Denise Tabis ("Plaintiff") and Defendant United States Department of Education ("Defendant") (collectively, the "Parties"), by and through their respective counsel, have entered into this stipulation for voluntary dismissal without prejudice (the "Stipulation"). The terms of the Stipulation are as follows:

1. On November 16, 2023, Plaintiff commenced the above-captioned adversary proceeding against Defendant by filing a Complaint in this matter. The Court issued the Summons the same day.

2. On September 30, 2024, Defendant filed its Answer.

3. As of January 2024, Plaintiff owed to Defendant approximately $26,089, which represents the then-total balance of loan amounts (including interest) held by Defendant that are the subject of this adversary proceeding, i.e., National Student Loan Data System ("NSLDS") Loan 5 through NSLDS Loan 11 (collectively, the "Education-held Student Loans").

4. The Education-held Student Loans constitute student loans made to Plaintiff under a program funded in whole or in part by a federal government unit within the meaning of 11 U.S.C. § 523(a)(8).

5. Plaintiff has alleged that repayment of the Education-held Student Loans would cause an undue hardship.

6. Plaintiff has submitted her Attestation Form and supporting documents. However, to date, the parties have been unable to reach a resolution regarding the dischargeability of Plaintiff's subject student loans.

7. Upon review of documents, information, and facts that Plaintiff has attested to, Defendant has determined that with respect to the Education-held Student Loans, Plaintiff fails to satisfy the criteria for discharge due to an "undue hardship" under 11 U.S.C. § 523(a)(8) based on Plaintiff's current and future financial condition. Plaintiff's monthly income exceeds her allowable expenses, evidencing that Plaintiff can maintain a minimal standard of living for herself and her dependents (if any) if forced to repay her Education-held Student Loans.

8. Accordingly, the Parties agree to dismiss the above-referenced matter **without prejudice** pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and (B) (incorporated by Fed. R. Bankr. P. 7041).

9. Each party shall bear its own costs and fees, including attorneys' fees incurred in connection with the above-referenced matter.

10. Pursuant to Local Rule 9011-1(b)(3), the Parties' respective counsel authorize the filing of this document with their respective electronic signatures.

[*signature page follows*]

Dated: March 3, 2025					COZEN O'CONNOR

							*s/ Heather L. Marx*
							By: Heather L. Marx
							Attorney ID No. 321163
							33 South Sixth Street, Suite 3800
							Minneapolis, MN 55402
							Telephone: 612-260-9080
							hmarx@cozen.com

							**Attorney for Plaintiff**

Dated: March 3, 2025					LISA D. KIRKPATRICK
							Acting United States Attorney

							*s/ Adine S. Momoh*
							BY:   ADINE S. MOMOH
							Assistant U.S. Attorney
							Attorney ID No. 0390085
							600 United States Courthouse
							300 South Fourth Street
							Minneapolis, MN 55415
							Phone:   612-664-5600
							Email: adine.momoh@usdoj.gov

							**Attorneys for Defendant United States Department of Education**